IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**RACHELLE SHAW and MARKELL**                                          **PLAINTIFFS**
**HAREWOOD, Each Individually and on**
**Behalf of All Others Similarly Situated**


vs.                                             No. 5:22-cv-396


**OAKCITY PROTECTION, LLC,**                                           **DEFENDANTS**
**ALPHA DEFENSE GROUP CORP.,**
**AUSTIN TAYLOR and JASON YOUNG**

<u>**ORIGINAL COMPLAINT—COLLECTIVE ACTION**</u>

Plaintiffs Rachelle Shaw and Markell Harewood (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through undersigned counsel, for their Original Complaint—Collective Action ("Complaint") against Defendants OakCity Protection, LLC, Alpha Defense Group Corp., Austin Taylor and Jason Young (collectively "Defendant" or "Defendants"), state and allege as follows:

## I.       PRELIMINARY STATEMENTS

1.       This is a collective action brought by Plaintiffs, each individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

2.       Plaintiffs seek a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendants' policy and practice of failing to pay proper wages under the FLSA to Plaintiffs and all others similarly situated.

Page 1 of 14
Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-396
Original Complaint—Collective Action
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 1 of 14

## II.     JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of North Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of North Carolina; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

5.      Plaintiff Rachelle Shaw ("Shaw") is an individual and resident of Wake County.

6.      Plaintiff Markell Harewood ("Harewood") is an individual and resident of Wake County.

7.      Separate Defendant OakCity Protection, LLC ("OakCity"), is a domestic limited liability company.

8.      OakCity's registered agent for service of process is Austin Taylor at 5699 Wiregrass Road, Orrum, North Carolina 28369.

9.      Separate Defendant Alpha Defense Group Corp. ("ADG") is a domestic, for-profit corporation.

10.     ADG's registered agent for service of process is Jason Young at 4917 Albemarle Road, Suite 206, Charlotte, North Carolina 28205.

11.     Separate Defendant Austin Taylor ("Taylor") is an individual and resident of North Carolina.

**Page 2 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 2 of 14

12.     Separate Defendant Jason Young ("Young") is an individual and resident of North Carolina.

## IV.     FACTUAL ALLEGATIONS

13.     Taylor is a principal, director, officer, and/or owner of OakCity.

14.     Taylor, in his role as an operating employer of OakCity, had the power to hire and fire Plaintiffs, often exercised supervisory authority over Plaintiffs' work, including the day-to-day job duties that Plaintiffs' job entailed, determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

15.     Taylor took an active role in operating OakCity and in the management thereof.

16.     Young is a principal, director, officer, and/or owner of ADG.

17.     Young, in his role as an operating employer of ADG, had the power to hire and fire Plaintiffs, often exercised supervisory authority over Plaintiffs' work, including the day-to-day job duties that Plaintiffs' job entailed, determined their work schedule, and made decisions regarding Plaintiffs' pay, or lack thereof.

18.     Young took an active role in operating ADG and in the management thereof.

19.     Upon information and belief, all Defendants share authority and responsibility for hiring and firing employees, setting schedules and making decisions regarding pay or lack thereof.

20.     Plaintiffs reported to and took direction from both Taylor and Young.

21.     Plaintiffs received assignments from both Taylor and Young.

22.     Plaintiffs' paychecks sometimes came from ADG and sometimes came from OakCity.

**Page 3 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 3 of 14

23.     Defendants were joint employers within the meaning of the FLSA.

24.     Defendants employ two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as tools, vehicles and materials.

25.     At all times relevant hereto, Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203.

26.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA.

27.     At all times material herein, Plaintiffs have been classified by Defendants as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and have been paid an hourly wage.

28.     Defendants employed Shaw as an hourly-paid Security Officer from approximately October of 2021 to December of 2021.

29.     Defendants employed Harewood as an hourly-paid Security Officer from approximately October of 2020 until April of 2022.

30.     Defendants also employed other hourly-paid Security Officers within the three years preceding the filing of this lawsuit.

31.     At all relevant times herein, Defendants directly hired Plaintiffs and other Security Officers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

**Page 4 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 4 of 14

32.     Plaintiffs regularly or occasionally worked over forty hours in a week.

33.     Upon information and belief, other Security Officers also regularly or occasionally worked over forty hours in a week.

34.     When Defendants paid Plaintiffs for hours worked over 40 in a week, Defendants paid Plaintiffs their regular rate for those hours. In other words, Defendants did not pay Plaintiffs an overtime premium for hours worked over forty each week.

35.     Upon information and belief, Defendants did not pay other Security Officers an overtime premium for hours worked over forty each week.

36.     Defendant failed to pay Harewood for multiple weeks of work at the beginning of his employment.

37.     At Defendants' direction, Plaintiffs and other Security Officers kept track of their hours via an app on their phones.

38.     In some weeks, some hours Plaintiffs worked were not recorded and Defendants therefore paid Plaintiffs for fewer hours than they actually worked.

39.     Upon information and belief, Defendants retroactively adjusted Plaintiffs' recorded time to reflect fewer hours than they actually worked.

40.     Upon information and belief, other Security Officers also worked hours which were not recorded and for which they were not paid.

41.     Defendants classified Plaintiffs and other Security Officers as independent contractors.

42.     Plaintiffs' and other Security Officers' work followed the usual path of employer-employee relationships; Defendants treated them as an independent contractor only for tax purposes and for Defendant's convenience.

**Page 5 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 5 of 14

43.     Defendants, at all times relevant hereto, knew that Plaintiffs and other Security Officers were acting as employees, rather than as independent contractors, and treated them as an employees.

44.     Defendants set Plaintiffs' and other Security Officers' schedules. Plaintiffs and other Security Officers were required to arrive at work at specific times and remain until the scheduled shift was over.

45.     Defendants expected Plaintiffs and other Security Officers to follow Defendants' policies regarding their employment.

46.     Plaintiffs and other Security Officers were required to complete the tasks Defendants assigned to them or risk being disciplined, including termination.

47.     Plaintiffs and other Security Officers did not manage Defendants' enterprise or a customarily recognized subdivision of the enterprise.

48.     Plaintiffs and other Security Officers did not exercise discretion and independent judgment with respect to any matters of significance.

49.     Plaintiffs and other Security Officers were hired to work for Defendants for a continuous and ongoing period of time.

50.     Plaintiffs and other Security Officers did not select any employees for hire, nor did they have any ability to fire employees.

51.     Plaintiffs and other Security Officers did not have any control of or authority over any employee's rate of pay or working hours.

52.     Defendants required Plaintiffs and other Security Officers to wear a uniform provided by Defendants.

**Page 6 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 6 of 14

53.     Defendants determined Plaintiffs' and other Security Officers' pay scale for services without input from or negotiation with Plaintiffs.

54.     Defendants set prices for services without input from or negotiation with Plaintiffs and other Security Officers.

55.     Defendants made decisions on advertising Defendants' business without input from Plaintiffs and other Security Officers.

56.     Defendants made decisions on what new business to pursue or take without input from Plaintiffs and other Security Officers.

57.     Plaintiffs and other Security Officers did not negotiate contracts or prices with Defendants' customers.

58.     Defendants directed Plaintiffs and other Security Officers in their work.

59.     Plaintiffs and other Security Officers had no opportunity to share in Defendants' profits.

60.     Plaintiffs and other Security Officers did not share in Defendants' losses.

61.     Plaintiffs and other Security Officers had no investment in Defendants' business or operations.

62.     Defendants knew or should have known that Plaintiffs and other Security Officers worked hours over 40 in some weeks.

63.     At all relevant times herein, Defendants have deprived Plaintiffs and other Security Officers of sufficient overtime compensation for all hours worked.

64.     Defendants failed to pay Harewood a lawful minimum wage for all hours worked.

**Page 7 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 7 of 14

65.     The net effect of Defendants' practices and policies regarding Plaintiffs' job duties and pay, as described above, is that Defendant intentionally misclassified them as independent contractors in order to avoid paying them an overtime premium for hours worked over 40 each week.

66.     Defendants made no reasonable efforts to ascertain and comply with applicable law.

67.     Defendants knew or showed reckless disregard for whether their actions violated the FLSA.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

68.     Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be employed by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked over forty each week;

B.     Liquidated damages; and

C.     Attorney's fees and costs.

69.     Plaintiffs propose the following collective under the FLSA:

**All Security Officers who worked over 40 hours
in any week within the past three years.**

70.     In conformity with the requirements of FLSA Section 16(b), each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

71.     The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward

**Page 8 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 8 of 14

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

72.     The members of the proposed FLSA collective are similarly situated in that they share these traits:

A.     They were paid hourly;

B.     They were subject to the numerous policies and practices as detailed above;

C.     They worked hours over forty in at least one week within the three years preceding the filing of this lawsuit; and

D.     They were subject to Defendant's common policy of failing to pay an overtime premium for hours worked over forty each week.

73.     Plaintiffs are unable to state the exact number of the collective but believe that the collective exceeds 30 persons.

74.     Defendants can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

75.     The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendants.

76.     The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

77.     Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

**Page 9 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 9 of 14

78.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

79.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

80.     Defendants misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

81.     Defendants failed to pay Plaintiffs a sufficient overtime premium for all hours worked over forty each week, despite their entitlement thereto.

82.     Defendants failed to pay Plaintiffs for all hours worked.

83.     Defendants knew or should have known that their actions violated the FLSA.

84.     Defendants' conduct and practices, as described above, were willful.

85.     By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

86.     Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to

**Page 10 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 10 of 14

the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

87.     Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for FLSA Violations)

88.     Plaintiffs assert this claim for damages and declaratory relief on behalf of all similarly situated employees pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

89.     At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

90.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

91.     Defendants classified Plaintiffs and other similarly situated employees as nonexempt from the overtime provisions of the FLSA.

92.     Defendants failed to pay Plaintiffs and similarly situated employees a sufficient overtime premium for all hours worked over forty each week.

93.     Defendants failed to pay Plaintiffs and similarly situated employees for all hours worked.

94.     Defendants deprived Plaintiffs and similarly situated employees of compensation for all of the hours worked over forty per week, in violation of the FLSA.

**Page 11 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 11 of 14

95. Defendants knew or should have known that their actions violated the FLSA.

96. Defendants' conduct and practices, as described above, were willful.

97. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs and all similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

98. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs and similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

99. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs and the collective members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Rachelle Shaw and Markell Harewood, each individually and on behalf of all others similarly situated, respectfully pray that each Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendants' practices alleged in this Complaint violate the FLSA and its related regulations;

Page 12 of 14
Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.
U.S.D.C. (E.D. N.C.) No. 5:22-cv-396
Original Complaint—Collective Action
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 12 of 14

B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

C.     Judgment for damages suffered by Plaintiffs and others similarly situated for all unpaid overtime wages under the FLSA and its related regulations;

D.     Judgment for liquidated damages owed to Plaintiffs and all others similarly situated pursuant to the FLSA and its related regulations;

E.     An order directing Defendants to pay Plaintiffs and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**RACHELLE SHAW and
MARKELL HAREWOOD,
Each Individually and on Behalf of All
Others Similarly Situated, PLAINTIFFS**

This 29th day of September 2022.

*/s/ Patrick Wilson*
Patrick Wilson
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
patrick@sanfordlawfirm.com
Ark. Bar No. 2021311
Attorney for Plaintiffs

*/s/ Janelle L. Cline*
Janelle L. Cline
CLINE LAW GROUP, PLLC
6329 Oleander Drive
Wilmington, North Carolina 28403
Telephone: (910) 661-2012
Facsimile: (910) 338-0557
janelle.cline@clinelawgroupnc.com

**Page 13 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 13 of 14

State Bar No. 56904
Local Civil Rule 83.1(d) Counsel for Plaintiffs

**Page 14 of 14**
**Rachelle Shaw, et al. v. OakCity Protection, LLC, et al.**
**U.S.D.C. (E.D. N.C.) No. 5:22-cv-396**
**Original Complaint—Collective Action**
Case 5:22-cv-00396-M-KS   Document 1   Filed 09/29/22   Page 14 of 14